**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Robert E. Blackburn**

Date:              November 19, 2012

Courtroom Deputy:  Nel Steffens
Court Reporter:    Tracy Weir
Probation Officer: Jan Woll

**Criminal Action No.  12-cr-00014-REB**

| *Parties:* | *Counsel:* |
|---|---|
| UNITED STATES OF AMERICA, | Barbara Skalla |
| Plaintiff, | |
| v. | |
| 1.  MIGUEL ANGEL PARRA, | Lisabeth Castle |
| Defendant. | |

**SENTENCING MINUTES**

**11:09 a.m.    Court in session.**

Appearances of counsel.

Defendant is present in custody.

Court's opening remarks.  Court notes that counsel conferred informally with the court in chambers prior to the commencement of these proceedings.

Pursuant to 18 U.S.C. § 3552 and Fed. R. Crim. P. 32, the Probation Department has conducted a presentence investigation and has filed a presentence report and addendum.

Counsel for the government confirms that counsel has read the presentence report and addendum.

Counsel for the defendant informs the court that counsel has read and discussed the presentence report and addendum with the defendant.

Defendant's counsel makes a statement on behalf of the defendant, offers information in mitigation of punishment, comments on the probation officer's sentencing guideline applications and calculations, and comments on matters relating to the appropriate sentence.

Defendant declines the opportunity for allocution.

Ms. Skalla orally moves to dismiss with prejudice Count 2 of the Indictment as to defendant Parra.

The court makes a sentencing statement pursuant to 18 U.S.C. § 3553(c) and enters findings of fact, conclusions of law, judgment of conviction, sentence, and orders.

    **IT IS ORDERED** as follows:

1. That the plea agreement of the parties as presented in Court's Exhibits 1 and 2 is formally approved;

2. That the pending motions are resolved as follows:

   - **Defendant Miguel Parra's Motion for Downward Departure** [#61] filed October 23, 2012, is **DENIED**;

   - the **Government's Motion for Downward Departure Pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e)** [#66] filed November 16, 2012, is **GRANTED**;

   - the defendant's motion for a downward variance to a sentence of imprisonment of forty-eight months contained within the defendant's paper, document #62, is **GRANTED** consistent with the foregoing findings and conclusions and the following orders;

   - the **Government's Motion Regarding Acceptance of Responsibility** [#67] filed November 16, 2012, is **GRANTED**

3. That judgment of conviction under Fed. R. Crim. P. 32(k) is entered on Count 1 of the Indictment;

4. That the government's oral motion to dismiss with prejudice Count 2 of the Indictment is **GRANTED**; that accordingly, Count 2 of the Indictment is **DISMISSED WITH PREJUDICE**;

5. That pursuant to the Sentencing Reform Act of 1984, it is the judgment and sentence of this court that the defendant is committed to the custody of the Bureau of Prisons to be imprisoned for a term of **forty-eight (48) months**;

6. That on release from imprisonment, the defendant shall be placed on supervised release for a term of **five (5) years**; provided furthermore, that within 72 hours of defendant's release from imprisonment and the custody of the Bureau of Prisons, the defendant shall report in person to the U.S. probation department within the district to which he is released;

7. That while on supervised release, the defendant shall comply with the following conditions of supervised release:

    - all mandatory conditions of supervised release, prescribed by law at 18 U.S.C. § 3583(d) and USSG §5D1.3(a);

    - all standard conditions of supervised release approved and imposed by this court in all such cases and circumstances; and

    - the following explicit or special conditions of supervised release:

        - that the defendant shall not violate any federal, state, or municipal statute, regulation, or ordinance in any jurisdiction or place where defendant may be during the term of supervised release;

        - that the defendant shall not possess or use illegally controlled substances;

        - that the defendant shall not possess or use any firearm or destructive device as defined under federal law at 18 U.S.C. § 921;

        - that the defendant shall cooperate in the collection of a sample of defendant's DNA;

        - that if the defendant is removed from this country, then defendant shall not re-enter without the lawful approval and authority of the Secretary of the Department of Homeland Security;

        - that if the defendant is removed from and then granted permission to lawfully return to this country, defendant shall

      report to the nearest United States Probation Department within 72 hours of defendant's lawful return to this country;

- that the defendant shall submit to one drug test within fifteen (15) days from defendant's release from imprisonment, as directed by the probation department, and thereafter, to at least two periodic tests for the use of controlled substances as directed and determined by the court;

- that at defendant's expense, the defendant shall, unless then indigent, undergo an alcohol/substance abuse evaluation, and thereafter, at defendant's expense receive any treatment, therapy, counseling, testing or education prescribed by the evaluation or as directed by defendant's probation officer or as ordered by the court; that defendant shall abstain from the use of alcohol or other intoxicants during the course of any such treatment, therapy, counseling, testing, or education; provided, furthermore, that to ensure continuity of treatment, the probation department is authorized to release mental health records and reports of the defendant and the PSR to any person or entity responsible for or involved in the treatment, therapy, counseling, testing, or education of the defendant;

8. That no fine is imposed;

9. That the defendant shall pay forthwith a special victim's fund assessment fee of $100.00;

10. That if the defendant is removed from this country as a result of his felony conviction in this case, then the mandatory drug-testing provisions of 18 U.S.C.. § 3583(d) are waived;

11. That presentence confinement credit shall be determined by the Bureau of Prisons under 18 U.S.C. § 3585;

12. That an order and judgment of forfeiture shall be entered pursuant to the plea agreement of the parties and the admission of the defendant of the forfeiture allegation of the Indictment and under the authority of Fed. R. Crim. P. 32.2(b)(3) and the statutory provisions of 21 U.S.C. § 853(c);

13. That this court recommends that the Bureau of Prisons designate the defendant to a correctional institution in southern California at or near San Diego, that will facilitate his participation in and completion of RDAP; and

      14.    That the defendant is remanded to the custody of the United States Marshal.

Parties state they have no objections to the sentence imposed.

The defendant has waived his right to appeal.

**11:33 a.m.     Court in recess.**

Total time in court:   00:24

Hearing concluded.